GLADDEN v. GABBERT et al.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1915.)

No. 2679.

1. APPEAL AND ERROR ⊘⟶977—REVIEW—RULING ON MOTION FOR NEW TRIAL.
 A motion for a new trial, though denominated a "motion in arrest of judgment," is addressed to the discretion of the trial judge, and his ruling thereon is not reviewable on writ of error.
 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. ⊘⟶977.]

2. APPEAL AND ERROR ⊘⟶930—REVIEW—VERDICT—APPROVAL BY TRIAL COURT.
 Whether the jury ignored special instructions is wholly for the consideration of the trial judge, and it will not be presumed that he permitted a verdict to stand which was in violation of such instructions.
 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755–3761; Dec. Dig. ⊘⟶930.]

3. APPEAL AND ERROR ⊘⟶215—PRESENTING QUESTIONS IN LOWER COURT—OBJECTIONS—FAILURE TO READ INSTRUCTIONS.
 The failure of the trial judge to read special instructions to the jury before handing same to them cannot be assigned as error, where no objection was made at the time by either party.
 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1309–1314; Dec. Dig. ⊘⟶215.]

In Error to the District Court of the United States for the Western Division of the Northern District of Mississippi; Henry C. Niles, Judge.

Action by Charles S. Gladden against J. T. Gabbert and another. Judgment for defendants, and plaintiff brings error. Affirmed.

St. John Waddell, of Memphis, Tenn., for plaintiff in error.

James Stone, of Oxford, Miss., and Herbert Holmes, of Senatobia, Miss., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge. This is an action of ejectment, brought by the plaintiff in error to recover two tracts of land, and mesne profits, situated in the Western division of the Northern district of Mississippi. To the plaintiff's declaration the defendants pleaded a general issue of not guilty and the statute of limitations of 10 years, with adverse possession, under the laws of the state of Mississippi. On December 13, 1912, there was a trial before a jury, resulting in a verdict for the defendants.

After a motion for a new trial was refused, the case was brought here for review upon some seven assignments of error, only two of which are insisted upon, stated by counsel as follows:

"I. The court erred in overruling plaintiff's motion in arrest of judgment and for a new trial.

"(a) The evidence overwhelmingly showed that the first tract of land sued for was a part of section 7, and that the second tract of land sued for was a part of the south half of section 8, and under this evidence said lands

were the property of plaintiff, and the verdict of the jury should have been in favor of plaintiff, under the admissions of the defendants as set forth in the stipulation in the record.

."(b) There was no evidence introduced by defendants which, after giving the same full consideration, was in any way sufficient to uphold the verdict of the jury for defendants.

"(c) The verdict of the jury was directly contrary to and clearly ignored the special instructions of the court given to them at the request of plaintiff.

"(d) The verdict of the jury was clearly contrary to the law as given them by the court, and contrary to all the evidence in the case.

"(e) The verdict of the jury is without any reasonable support, either under the law as given by the court or under any reasonable construction of the evidence introduced.

"II. The court erred in merely handing the jury the written requests for special instructions as asked by plaintiff, and in not reading said special instructions to them, or delivering the same orally, because it is evident, from the utterly unauthorized verdict as returned by the jury, that they either did not read said instructions, or, if they did read same, they evidently did not regard said instructions as binding or controlling, and ignored same in finding their verdict."

The bill of exceptions shows the following proceedings in the trial after the evidence was closed:

"C. S. Gladden v. Gabbert & Moore.

"In this case the plaintiff requests the court to charge the jury specially as follows: [Here follow copies of requested instructions, marked 'Filed December 12, 1912,' covering some five printed pages of the record, not necessary to insert.]"

Requests for special instructions, being in writing, were at the time handed to the court by plaintiff's counsel, and the court, having examined same, handed all of them to the jury, without either reading same to the jury or commenting thereon, and at the same time stated to the jury as follows:

"Gentlemen of the jury: The plaintiff's counsel has asked certain special instructions to be given you touching the matters involved in this suit, and, the requests for same being in writing, I hand you said written requests, all of which I give you, and you will now retire and make up your verdict."

And thereupon the jury retired to consider of their verdict, and returned into open court a general verdict in favor of the defendants. And thereupon the court rendered judgment for the defendant. And thereupon plaintiff, by his counsel, moved the court in open court to arrest the judgment in favor of the defendants, and to set aside the verdict of the jury and said judgment, and grant him a new trial, upon the following grounds:

"In the District Court of the United States for the Western Division of the Northern District of Mississippi.

"C. S. Gladden, Plaintiff, v. J. T. Gabbert and M. P. Moore, Defendants.

"In this case comes the plaintiff, by his attorney, and moves the court to set aside the verdict of the jury and judgment of the court rendered thereon, and grant him a new trial, upon the following grounds, to wit:

"1. Because the verdict of the jury is against the clear preponderance of the evidence.

"2. Because the verdict of the jury is contrary to the instructions of the court.

"3. Because the verdict of the jury is not supported by any evidence in the case, and is clearly contrary to the instructions as given by the court.

"4. Because the court erred in giving its oral charge to the jury as to the burden of proof on plaintiff to establish title by a preponderance of the evidence, in not distinguishing and calling attention to the agreement of parties that title was to follow the disputed boundary of the land in controversy.

"5. Because the court did not charge the jury orally on the facts in this case and the law governing same, as is set forth in plaintiff's first, second, third, fourth, fifth, sixth, and seventh written request for the same.

"For these and other causes to be assigned on the hearing hereof, the plaintiff moves the court to set aside the verdict of the jury and the judgment rendered thereon, and grant him a new trial.

"St. John Waddell, Attorney for Plaintiff.

"Filed December, 1913.                            S. E. Oldham, Clerk."

And thereupon the court overruled said motion of plaintiff, to which action of the court the plaintiff then and there excepted, and his exceptions were allowed and noted, and plaintiff prayed a writ of error therefrom to the Circuit Court of Appeals for the Fifth Circuit at New Orleans, La., which was granted by the court upon plaintiff executing cost bond for the same, conditioned and payable as required by law, in the sum of $500, and was granted 90 days in which to prepare and file herein his bill of exceptions and assignments of error; said order being in words and figures as follows:

"C. S. Gladden, Plaintiff, v. Gabbert and Moore, Defendants.

"This cause came on this day to be heard on the motion of the plaintiff to set aside the verdict of the jury and judgment of court rendered thereon in this case, and to grant him a new trial; and the court, after fully considering the same, doth order and adjudge that said motion be and the same is hereby overruled and denied. To the foregoing order of the court, the plaintiff in open court excepted, and prayed a writ of error therefrom to the United States Circuit Court of Appeals for the Fifth Judicial District, at New Orleans, La., and which is here granted by the court, upon the plaintiff executing cost bond for same in the sum of five hundred ($500.00) dollars, conditioned and payable as required by law, and on application of plaintiff in open court he is granted and given ninety days from this term of this court in which to prepare and file herein his bill of exceptions in this case, and his assignment of error on said writ of error, and the same, when prepared and filed within that time, is to be taken and considered as if now filed.

"And it further appearing to the court that all the original maps and plats introduced as evidence in this case are difficult and intricate to copy, and the wood exhibits of surveyors' marks taken from trees, introduced and filed as evidence in this case, cannot be copied, and that all of said exhibits are material evidence in the determination of this case, it is further ordered that said original maps, plats, and wood exhibits be forwarded with the transcript of the record in this case to said Circuit Court of Appeals as a part thereof, without attempting to copy the same therein.

"And to all of said action of the court in overruling plaintiff's motion to arrest the judgment in this case in favor of the defendants, and to set aside said judgment and the verdict of the jury, and to grant a new trial, and to the action of the court in overruling each one and all of the grounds set up in said motion to arrest said judgment and set same aside and grant a new trial, the plaintiff then and there in open court excepted, and his said exceptions were allowed and noted; and he tenders this bill of exceptions, setting forth all of the same, and asks that the same be signed and sealed and made a part of the record in this case.

"And all of which is accordingly done, this the 8th day of February, 1913.

"H. C. Niles, Judge."

This statement of the case shows that there was no request to the court on the trial of the case to instruct a verdict for the plaintiff,

nor any exceptions taken to any of the rulings of the court during the trial; and it was only some two months later, after a motion for a new trial was overruled, that exceptions were taken to the rulings of the court, and then only to the errors of the court in overruling the plaintiff's motion to arrest and set aside the judgment and grant a new trial.

[1] Considering now the assignments of error insisted upon, we premise by saying that the motion presented to the court below, the overruling of which was excepted to, though denominated in the first assignment of error and pressed in argument as a "motion in arrest of judgment," was purely and simply a motion for a new trial, and it is well settled that motions for a new trial are addressed to the sound discretion of the trial judge, and his ruling thereon is not reviewable on writ of error, and we find nothing in this record to take this case out of the rule.

As to the objection that the verdict was contrary to and unsupported by the evidence, we find that there was evidence on the part of the defendant, admitted without objection, which, given full credence, warranted the verdict returned by the jury.

[2] Whether or not the jury ignored the special instructions of the court was a matter wholly for the consideration of the trial judge, who gave the instructions, and we cannot on this writ of error presume that the trial judge, having power in the premises, would permit a verdict to stand that was in clear violation of his instructions.

[3] The second assignment of error is to the effect that the judge erred in not reading to the jury the special instructions given by him, and in not delivering the same orally, to all of which a sufficient answer is that whatever the court did in the premises was not at the time, nor before the jury retired, objected to by either party, and therefore is to be presumed to have been all that the law required in the case.

On the record we find no reversible error, and the judgment of the District Court is affirmed.